John Linder, Petitioner v. Commissioner. Robert Dickman, Viola Dickman, Husband and Wife v. Commissioner.
Linder v. Commissioner
Docket Nos. 66878, 67040.
United States Tax Court
T.C. Memo 1959-69; 1959 Tax Ct. Memo LEXIS 180; 18 T.C.M. (CCH) 341; T.C.M. (RIA) 59069; April 9, 1959
*180 Clifford F. Brown, Esq., 20 West Main Street, Norwalk, Ohio, for petitioner John Linder. Frank J. Hiltz, Esq., Citizens Bank Building, Norwalk, Ohio, for petitioners Robert Dickman and Viola Dickman. Frank W. Hardy, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined deficiencies in the income tax of the petitioners as follows for the indicated years: Docket
No.
Petitioner
Year
Deficiency
66878
John Linder
1953
$429.00
1954
392.00
1955
374.89
67040
Robert Dickman
and Viola
Dickman
1953
400.00
1954
360.00
1955
360.00
The only issue for determination is whether during the taxable years John Linder or Robert Dickman and Viola Dickman furnished more than one-half of the support of three children of John Linder and Viola Dickman. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner John Linder is a resident of Norwalk, Ohio, and filed his Federal income tax returns for 1953, 1954, and 1955 with the district director in Toledo, Ohio. Petitioners Robert Dickman and Viola Dickman also are residents *181 of Norwalk, Ohio, and filed their joint Federal income tax returns for 1953, 1954, and 1955 with the district director in Toledo, Ohio. John Linder and Viola Linder were married in Norwalk, Ohio, on August 21, 1944, and three children, Peter Linder, Donald Linder, and Sharon Linder were born of their marriage. Prior to November 20, 1951, Viola and John began to live separate and apart and Viola filed an action for divorce against John in the Court of Common Pleas of Huron County, Ohio. On November 20, 1951, Viola and John entered into a separation agreement wherein they made a settlement and division of their property. This agreement provided that Viola should have the undivided ownership of all household goods, fixtures, and equipment "as and for, and in full of alimony." By the agreement John consented to Viola having custody of the three children and consented to the court granting to her the custody of the children in the event she obtained a divorce. By the agreement John further agreed that prior to Viola's obtaining a divorce he would make such payments as were needed for the support of the children and that beginning at the time Viola obtained a divorce he would make *182 weekly payments of $30 for the care and support of the three children. By the agreement the parties agreed that in the event of the remarriage of Viola, the weekly payments thereafter to be made by John should be reduced from $30 a week to $20 a week. On December 15, 1951, a decree was granted divorcing Viola and John. The separation agreement was made part of the decree of divorce and by the decree Viola was given the custody, care and control of the three children whose ages at that time were as follows: Age
Peter Linder
6
Donald Linder
3
Sharon Linder
1
Thereafter John paid $30 a week for the support of the children until the marriage of Viola to petitioner Robert Dickman about the middle of 1952. Subsequent to Viola's remarriage the court entered an order reducing to $20 a week the payments required to be made by John for the support of the children. From the beginning of January 1953, until a subsequent date in 1953, which is not determinable from the record, John made payments of $20 a week for the support of the children. During 1952 or prior thereto John instituted a suit for damages against petitioner Robert Dickman for alienation of the affections *183 of Viola. The suit was settled on some date in 1953 which is not determinable from the record. Under the settlement John did not receive any money or other property from Robert Dickman. However, following the settlement John obtained on a date in 1953 not ascertainable from the record, a court order reducing the amount of the payments he was required to make for the support of the three children from $20 a week to $18 a week. From the time he obtained the foregoing court order in 1953 until the end of 1955 John made payments of $18 a week for the support of the children. In his income tax returns for 1953, 1954, and 1955, John Linder listed the names of the three children as dependents and took an exemption for each of them. The respondent disallowed the exemptions taken. During 1953, 1954, and 1955, Robert Dickman and Viola Dickman, with whom the three children resided, furnished the sums of $1,912.76, $1,778.76, and $1,413.27, respectively, for the support of the children. In their joint income tax returns for those years Robert Dickman and Viola Dickman listed the names of the three children as dependents and took an exemption for each of them. The respondent disallowed the *184 exemptions taken. During each of the years 1953, 1954, and 1955, Robert Dickman and Viola Dickman furnished more than one-half of the support of the three children. Opinion The single issue presented is whether during the taxable years in question John Linder or Robert Dickman and Viola Dickman furnished more than one-half of the support of the three Linder children. Although the issue is one of fact and our findings of fact dispose of the issue, we deem it appropriate to discuss certain portions of the record. Petitioner John Linder has not favored us with a brief and his position here can only be determined from his petition and the position taken by his counsel at the trial. In his petition he alleged that during 1953 until some time in October of that year he made payments of $20 a week for the support of the three children and that thereafter during the remainder of 1953 and throughout the years 1954 and 1955 he made payments of $18 a week for the support of the children. These allegations were denied by respondent in his answer. At the trial, counsel for petitioner John Linder stated that in addition to the amounts actually paid by petitioner for the support of the children, *185 petitioner was entitled to credit for their support by way of a settlement he made in 1953 of an alienation of affections action against Robert Dickman by which settlement, instead of receiving cash, the petitioner agreed to dismiss the alienation of affections action if a court order be entered reducing by two dollars a week the amount he was required to pay for the support of the children; and that a court order was entered effecting a reduction of two dollars a week. The alienation of affections action was not mentioned in the petition and we have found all of the facts respecting the action as the meager evidence relating thereto warrants. Assuming, without deciding that for present purposes the petitioner is to be regarded as having paid a full $20 a week during 1953, 1954, and 1955 for the support of the three children, the total payments would amount to $1,040 for each year. That amount is considerably less than the sums we have found that Robert Dickman and Viola Dickman furnished during the respective years for the support of the children. Since Robert Dickman and Viola Dickman furnished more than one-half of the support of the children for each of the years 1953, 1954, *186 and 1955, they, and not petitioner John Linder, were entitled to the exemptions for the children for these years. Decisions will be entered under Rule 50.